UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JORDAN SERGENT

CRIMINAL ACTION

NO. 17-24-JJB-EWD

**RULING**

This matter is before the Court on a Motion for Revocation of Detention Order (Doc. 38) brought by the Defendant, Jordan Sergent ("Sergent"). The Government filed an Opposition (Doc. 41). The parties have not requested an additional evidentiary hearing on this Motion as they previously presented testimony before Judge Wilder-Doomes on February 15, 2017 and March 21, 2017 (Docs. 34 & 40). After reviewing the ample testimony, exhibits, and briefing, the Defendant's Motion is **DENIED** and Judge Wilder-Doomes' Detention Order is **AFFIRMED**.

**I. BACKGROUND**

Sergent has been charged with two counts of possessing an unregistered destructive device after officers found five suspected explosive devices in his brother's trailer where Sergent had been staying. After responding to a suspicious incident at lot 30 of 6060 Winchester Street in Baton Rouge, LA, and conducting a security sweep, officers found three smoke bombs and two BB bombs. Sergent told the officers that he constructed the BB bombs after watching a video on YouTube. The BB bombs were made out of medicine bottles with firework powder and BBs inside.

Additionally, the officers found Sergent's ID and wallet in a back bedroom. In the bedroom, they located a gun and an opened bible with highlighted passages. An officer noted that one of the highlighted passages stated: "Be still, and know that I am God! I will be honored by every nation. I will be honored throughout the world." The officers also located a Halloween type mask hanging on the wall. There were two phrases written on the mask—"Fuck the world" under

1

one eye and "God blessed me with the ability to kill" under the other eye. While the arresting officers noted that the phrases appeared to be handwritten, the testimony at the hearings confirmed that the mask was purchased from a party store with these phrases already printed on it.

Sergent had only been staying at his brother's trailer a few days when this incident occurred. He moved out of his previous apartment which he had shared with his girlfriend because of damages caused by a flood. He was staying at the trailer while he and his girlfriend looked for a new apartment.

Additionally, testimony was presented that Sergent built these devices about five years ago, when he was in high school, to help destroy some beaver dams on the family property. He supposedly got the idea from an episode of Duck Dynasty. He apparently used BBs in the devices so that he could kill the beavers. The ATF agent who testified said that BBs inserted into explosives serve no purpose other than to act as anti-personnel shrapnel. Sergent's father testified that he told his son to destroy these devices and that they were not to be used. Additionally, there was no explanation given by any of the witnesses about why these devices, that were supposedly manufactured five years ago, were out in plain view in a home that Sergent had just recently moved into, if there was no intention of using them.

On February 15, 2017, Judge Wilder-Doomes held a detention hearing and found that there was no combination of conditions that could assure the safety of the community and thus ordered that the Defendant remain detained pending trial.[1] While Judge Wilder-Doomes acknowledged that Sergent did not have a history of violence, she found that the factors weighed in favor of detaining Sergent. Judge Wilder-Doomes placed special emphasis on the fact that these devices were out in plain view: "Also, although the Court understands Mr. Talbot's argument that these

---

[1] First H'rg Tr. 62-66 (Doc. 34).

devices were, perhaps, manufactured by Mr. Sergent years ago, it is unclear to the Court why they would be out in plain sight when the officers arrived if there was no intent to use them."[2]

Judge Wilder-Doomes allowed the detention hearing to be reopened because there was additional evidence the Defendant sought to present and the indictment modified the charges from the original complaint. During the second hearing, the Defendant presented more evidence which sought to show he created these devices five years ago to destroy a beaver dam. The Defendant's girlfriend also testified and said that Sergent did not show a history of violence. She also said that she had bought the mask with Sergent for Halloween.

After hearing the additional evidence, once again, Judge Wilder-Doomes concluded that detention was appropriate. Again, she noted that "one of the key factors" in her detention decision was "why, if Mr. Sergent manufactured the devices years ago, which is undisputed…and he had no intention of using them, these devices were found by police officers in plain sight…This is especially concerning in light of the fact that Mr. Sergent had only moved to that trailer two days prior to the incident…[Additionally,] [t]here is no explanation why, after Mr. Sergent was told by his father to get rid of these devices and that he wouldn't be permitted to use them for the purpose that defense counsel has argued he intended to use them for, he kept them after all these years."[3]

## II. STANDARD

This Court reviews the Magistrate Judge's detention order under a *de novo* standard of review and makes an independent determination of whether to detain a defendant or release him with conditions.[4] In this case, there was no presumption of detention. Therefore, the Government was required to prove, by clear and convincing evidence, that Sergent posed a danger to the

---

[2] *Id.* at 65.
[3] Second H'rg Tr. 59-60 (Doc. 40).
[4] *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985).

community and that detention was necessary because no condition or combinations of conditions would reasonably assure the safety of the community.[5]

### III. LAW & ANALYSIS

This Court agrees with Judge Wilder-Doomes that this is not an easy case. The challenge of this case is that when the facts are viewed through one lens, most of the Defendant's conduct appears unwise but harmless, but when viewed through a different lens, the Defendant's actions are incredibly suspicious. The Court has undertaken its own analysis of listening to the hearing transcripts and reviewing the exhibits submitted in both hearings. After an incredibly thorough review, the Court finds that detention is proper.

In this case, the burden was on the Government to prove by clear and convincing evidence that if released, Sergent posed a danger to the community.[6] In determining whether there are conditions of release that will reasonably assure the safety of another person or the community, a court is required to take into account information concerning the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including such things as the person's character, physical and mental condition, community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[7]

The first factor, the nature and circumstances of the offense charged, weighs in favor of detention for two reasons. First, the devices that the Defendant is accused of possessing have the ability to cause serious harm. Sergent is charged with two counts of unlawfully possessing a

---

[5] 18 U.S.C. § 3142 (e)-(g).
[6] *Fortna*, 769 F.2d at 250.
[7] 18 U.S.C. § 3142 (g).

4

destructive device. Like the Magistrate Judge, this Court is troubled by the fact that the devices contained BBs. The ATF agent testified that the only plausible purpose for inserting BBs into an explosive device was to cause harm to living things. Second, the circumstances of how these devices were found leads the Court to find that it was possible that these devices were going to be used. While Sergent's girlfriend testified that the BBs were inserted into these devices to kill animals five years earlier, the Court is troubled by the Sergent's lack of explanation about why, if Sergent was told five years earlier he was not allowed to use these devices to kill beavers, they were in plain view in a trailer that he had recently moved into if he did not intend to use them. While it is possible that he put these devices in a hunting bag and forgot about them until five years later when he unpacked the bag at his brother's trailer, it is also equally possible that he was intending to use them. When combined with the fact that the devices were found near a mask with troubling writing on it (and the mask was not merely on the floor, but was displayed on the wall), the Court finds that this factor weighs in favor of detention.

The second factor is the weight of the evidence against the person. After reviewing the record, the Court finds that this factor weighs in favor of detention. The Defendant admitted that these were his devices and that he made them after watching YouTube videos.

While Judge Wilder-Doomes found the third factor, history and characteristics of the Defendant, neutral, this Court finds it weighs against detention for three reasons. First, there was no evidence presented that Sergent had a history of violence. In fact, his family members testified that he did not have any violent tendencies. Second, there was no evidence that he had any mental illness or other desire to harm people. Third, his criminal history was not significant.

The Court finds that the last factor, the nature and seriousness of the danger to any person or the community that would be posed by the person's release, is the most important factor. This

is a difficult factor to analyze because it is possible that Sergent is just a foolish young man who decided to unwisely make dangerous devices. However, after reviewing the record, the Court agrees with Judge Wilder-Doomes' explanation of this factor and her finding that it weighs in favor of detention. If Mr. Sergent had no intention of using these devices that he manufactured years ago, why didn't he destroy them? If Mr. Sergent had no intention of using these devices, why did officers find them in plain view in a trailer that he had just recently moved into? If Mr. Sergent had no intention of using these devices, why did he pack them up from his flooded apartment and move them to his brother's trailer? The Government admits that it does not have any evidence that Sergent had an imminent plan to harm others. However, the lack of explanation for why Sergent had these devices, brought them to his brother's trailer, and had them in plain view, leads the Court to question Sergent's motives in possessing them.

Accordingly, after reviewing all of the evidence in light of the above factors, the Court finds that the Government has shown by clear and convincing evidence that Sergent poses a danger to the community and there are no other conditions of release that would assure the safety of the community.

### IV. CONCLUSION

For the reasons stated above, the Defendant's Motion for Revocation of the Detention Order (Doc. 38) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April 12, 2017.

 **JUDGE JAMES J. BRADY**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**